UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAY OTERO,                          )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   No. 3:06-mc-54
                                    )   (Phillips/Shirley)
GEORGE VITO, D.P.M., et al.,        )
                                    )
        Defendants.                 )

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Docs. 4, 7] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of Non-Party HCA, Inc.'s Motion to Quash [Doc. 1] and Plaintiff's Motion to Compel Non-Party HCA, Inc. [Doc. 5]. The Court held a hearing on these motions on October 16, 2006.

Non-party HCA, Inc. ("HCA") moves to quash the subpoena served by the plaintiff and issued from this Court on September 8, 2006. [Doc. 1]. For grounds, HCA argues that the subpoena violates Rule 45 because the subpoena requires HCA representatives to travel more than 100 miles from the place where they regularly transact business, which is Nashville. HCA further argues that even if the subpoena were procedurally proper and could be used to compel one or more HCA officers or representatives to travel to Knoxville, the subpoena imposes an undue burden on HCA and therefore should be quashed for this additional reason.

The plaintiff opposes HCA's motion and moves to compel HCA to comply with the subject subpoena. [Doc. 5]. Specifically, the plaintiff argues that he obtained a subpoena from this

Court and served it on HCA's registered agent, CT Corporation, at the direction of HCA's in-house counsel.[1]  While generally conceding that the deposition should occur in Nashville, the plaintiff argues that this Court nevertheless has jurisdiction to address the substantive objections raised by HCA.

Rule 45 of the Federal Rules of Civil Procedure provides that the Court may quash or modify a subpoena if it "requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person . . . ." Fed. R. Civ. P. 45(c)(3)(A)(ii).  The Court finds that the subpoena requires HCA representatives to travel more than 100 miles from their corporate offices in Nashville, Tennessee.  As such, the Court finds that the subpoena should be quashed.  Accordingly, the Court will not address the substantive issues raised by the parties' motions.

Accordingly, for good cause shown, Non-Party HCA, Inc.'s Motion to Quash [Doc. 1] is **GRANTED**.  Plaintiff's Motion to Compel Non-Party HCA, Inc. [Doc. 5] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] HCA's counsel disputes that it directed plaintiff's counsel to seek a subpoena from this Court.  HCA's counsel does maintain, however, that plaintiff may serve HCA via its registered agent in Knoxville, so long as the subpoena is issued from the Middle District of Tennessee, the district in which HCA's corporate headquarters is located, and if the subpoena is for a deposition to occur in Nashville, Tennessee.  HCA's counsel further represented to the Court that if this procedure is followed, counsel will not object to the procedure by which the subpoena is served on HCA in the future.